OPINION of the Court, by
Judge Trimble.
— ¡-This is a case in which Moses Cherry exhibited his bill to obtain relief against a judgment at law obtained against him by James Lemon.
At the hearing of the cause, the circuit court decreed a perpetual injunction, and directed the costs at law to be paid by Lemon, and the costs in chancery by Cherry. To reverse this decree Lemon hath prosecuted this writ of error.
The equity stated in the bill is, that there were mutual accounts existing between the parties, and that Cra-Vatus Spiller, for and on behalf of Lemon, and as his agent, submitted the accounts to two arbitrators, mutually chosen by him and Cherry, which arbitrators awarded a balance in favor of Cherry ; that Lemon after-wards brought suit on his account, and that he, Cherry, relied upon the award as his defence at law, but not knowing that Spider’s authority to submit the accounts to reference would be denied, he was unable to prove his authority at the trial, but expects to establish it by the oath of-the defendant, Lemon. He further states, that, relying upon the award at the trial, he did not prove his accounts against Lemon, who therefore obtained a judgment, Stc. when nothing was due him.
The answer of Lemon denies flatly that Spiller had any authority to submit the accounts to reference, and that Spiller was his agent, otherwise than as he was employed to post his books, Sec.; insists that the amount *254 of the judgment is justly due ; that the trial at law was full and fair; and relies upon the trial and judgment at law as a bar towelief in chancery.
As the complainant set up and relied upon the award in the trial at law, he can have no pretext for coming into equity fór any other purpose than to obtain a discovery from the oath of Lemon, the defendant; but Lemon having denied the matter sought to he discovered, the complainant ought not to be permitted to go into proof to contradict the answer; for if the matter could be proved, independent of the discovery, it might, and ought to have been proven upon the trial at law.
The evidence exhibited is, however, insufficient to establish Spiller’s authority to bind Lemon oy a submission ; but even if it were, the complainant has shewn no satisfactory reason why he did not, as he might, and ought to have done, avail himself of it at law. The case of Cunningham v . Caldwell (a), is therefore ⅛ point, that he cannot be entitled to relief in equity. The circuit court ought to have decreed a dismissiosy of the bill. — —--Decree reversed.

; (a) Hat'd. 123 *— Cowan vs. "BrUty ante 175.